WICKER, J.,
CONCURS AND ASSIGNS REASONS
|4flI agree with the outcome set forth in the opinion but respectfully disagree with certain aspects of the opinion’s analysis. I agree fully with Judge Liljeberg’s analysis and join in his concurrence. I write separately, however, to highlight certain additional points.
In this case, there is no United States-constitutional violation alleged. Humbly, it is my opinion that the only question before this Court is whether, in a joint federal/state investigation in which law enforcement obtained a federal wiretap order which complied with federal, but not state, wiretap laws, the fruits of the wiretap are admissible in state court. While the analysis-portion of the opinion characterizes the investigation from which this case arose, as a “federal investigation,” in my mind, the record is clear that the investigation was conducted by a joint task force composed of federal and state law enforcement. Respectfully, T believe this is an important distinction relevant to a proper analysis of the admissibility of the wiretap evidence which was integral to this case. As is evident from a- careful reading of the factual background set forth in the opinion, this multi-year investigation was conducted by Jefferson Parish deputies and Louisiana and Texas state law enforcement along with federal agents. This scenario is manifestly distinct from one in which the entire investigation was conducted solely by federal agents who did not comply with the Louisiana wiretap statute but later- decided to turn the evidence recovered over to the state for prosecution.. It is likewise distinct | Hfifrorn a situation in which the investigation was conducted solely -by state law enforcement who choose to obtain a wiretap order from a federal judge rather than submitting to the more stringent state statutory requirements. In my view, if this state prosecution was based upon an investigation conducted under either of. the above scenarios, the federal wiretap evidence might well have been found inadmissible in a Louisiana state court proceeding. These facts, however, were not present in the instant matter. Respectfully, the opinion’s analysis—with its focus on State v. Minter, 116 N.J. 269, 561 A.2d 570 (1989), a case involving the admissibility-,of wiretap evidence procured.as a result of an exclusively federal investigation—does not address the central question raised in -this case. Again, here, there- is no federal constitutional violation alleged. This case rises and falls solely on the question of whether, given a joint federal/state investigation, law enforcement agents were required to comply .-with the stricter Louisiana wiretap standards in order to render the evidence obtained admissible in state court.
*371 Respectfully, the opinion’s analysis seems to render toothless the broad privacy protections set forth in our state’s wiretap statute. While the opinion concludes that “[t]he area of electronic surveillance is governed by federal law” and recognizes that 18 U.S.C. § 2516(2) authorized the states to adopt “little wiretap” acts affording greater privacy protections, the opinion’s analysis then declines to analyze the applicability of these greater Louisiana privacy protections. In declining to engage our state statutory scheme, the opinion, respectfully, seems to ignore the. broader statutory requirements the Louisiana Legislature adopted pursuant to this federal authorization. While the opinion finds, “that absent state guidelines to the contrary, exclusion from state court proceedings of wiretap evidence obtained lawfully by federal officers in accordance with the federal wiretap act would not promote the principles of the exclusionary rule,” I respectfully disagree. The state of Louisiana did, in my opinion, set forth very |B1 specific guidelines which granted greater privacy protections than those afforded by the United States Constitution and by 18 U.S.C. § 2516 when the Legislature enacted La. R.S. 1310. Concluding that the investigation at issue was “federal,” the opinion’s analysis of the applicability of La. R.S. 15:1310 ceases, Respectfully, I believe that the broad rule stated in the opinion renders the Louisiana wiretap statute, La. R.S. 15:1310, utterly superfluous. Moreover, in my humble opinion, such broad policy based proclamations are more properly left to the Louisiana Supreme Court.
As Judge Liljeberg has pointed out in his excellent concurring opinion, there was no evidence in this case that the federal and the state agents were colluding to evade the strictures of the Louisiana statute. This case is entirely distinguishable from one in which a state agent, conducting a state investigation with no federal involvement, obtains a federal wiretap order in order to circumvent Louisiana state law. In my opinion, such actions would render the fruits, of the wiretap order inadmissible in Louisiana state.courts. Because defendant has not alleged collusion or an intent to evade Louisiana law and because there is no evidence of such in the record, I find no error in the district court’s conclusion that the evidence at issue in this case was admissible in state court.